UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*City of Lima*<br><br>*Case No. 18-op-45333* | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND** |

Plaintiff submits this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45090 ("*Summit County* Pleadings"), *In Re National Prescription Opiate Litigation,* in the United States District Court for the Northern District of Ohio, Dkt #513, 514[1]), and as may be amended in the future, and any additional claims asserted herein. Plaintiff also hereby amends its complaint to alter the defendants against which claims are asserted as identified below. To the extent defendants were previously sued in plaintiff(s)' existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section 6(e). Doc. #232.

---

[1] Docket #513 is the redacted Summit Second Amended Complaint and Docket #514 is the unredacted Summit Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP. The redacted Summit Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #24.

## INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

1.      Plaintiff(s)' Existing Complaint (**No. 18-OP-45333, Doc. #:1**) is expressly incorporated by reference to this Short Form as if fully set forth herein except to the extent that allegations regarding certain defendants that are not listed in section 2 below are dismissed without prejudice.

## PARTIES – DEFENDANTS

2.      Having reviewed the relevant ARCOS data, Plaintiff asserts claims against the following Defendants:

*Defendants named in original complaint*:  Amerisourcebergen Drug Corporation; Cardinal Health, Inc.; McKesson Corporation; Purdue Pharma L.P.; Purdue Pharma, Inc.; The Purdue Frederick Company, Inc.; Teva Pharmaceutical Industries, Ltd.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica Inc. n/k/a Janssen Pharmaceuticals, Inc.; Noramco, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals, Inc.; Allergan PLC f/k/a Actavis PLS; Watson Pharmaceuticals, Inc. n/k/a Actavis, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Mallinckrodt PLC; Mallinckrodt LLC; and Insys Therapeutics, Inc.

*New Defendants named in short form complaint:*  Rite Aid Corporation; Walgreens Boots Alliance Inc.; Walmart Inc., F/K/A Wal-Mart Stores, Inc.; SpecGx LLC; Par Pharmaceutical, Inc.;  Par Pharmaceutical Companies, Inc., Mylan Pharmaceuticals, Inc.

I, *Peter H. Weinberger*, **Counsel for Plaintiff(s), certify that in identifying all Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiff(s).**

**I further certify that, except as set forth below, each of the Defendant(s) newly added herein appears in the ARCOS data I reviewed.**

**I understand that for each newly added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.**

**The following newly added Defendant(s)** *do not appear* **in the ARCOS data I reviewed:**

                       n/a

**Dated: 3/16/19**             **Signed: s/Peter H. Weinberger**

Factual Allegations Regarding Individual Defendants

      2.1    Defendant Rite Aid Corporation ("Rite Aid") is a Delaware corporation with its principal office located in Camp Hill, Pennsylvania. Rite Aid Corporation, through its various DEA registered subsidiaries and affiliated entities, conducts business as a licensed wholesale distributor. Defendant Rite Aid is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor under the following named business entities: Rite Aid of Maryland, Inc., d/b/a Rite Aid Mid-Atlantic Customer Support Center, Inc., Rite Aid of Massachusetts, Rite Aid of Michigan, and Rite Aid of West Virginia, Inc. Rite Aid distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Rite Aid is sued as both a Distributor Defendant and as a National Retail Pharmacy Defendant.

      2.2    Defendant Walgreens Boots Alliance, Inc., is a Delaware corporation with its principal place of business in Illinois. Walgreens Boots Alliance Inc. is registered to conduct business and/or conducts business in Plaintiffs' community as a licensed wholesale distributor under the following named business entities: Walgreen Co.; Walgreen Eastern Co., Inc.; Walgreen Arizona Drug Co. (collectively "Walgreens"). Walgreens distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Walgreens is sued as both a Distributor Defendant and as a National Retail Pharmacy Defendant.

      2.3    Defendant Walmart Inc., ("Walmart") formerly known as Wal-Mart Stores, Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Walmart is registered to conduct business and/or conducts business in Plaintiffs' community as a licensed wholesale distributor under the following named business entities: Wal-Mart Warehouse #28; Wal-Mart Warehouse #6045 aka Wal-Mart Warehouse #45; Wal-Mart Warehouse # 6046 aka Wal-Mart Warehouse #46 and Wal-Mart Stores East, LP. Walmart distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Walmart is sued as both a Distributor Defendant and as a National Retail Pharmacy Defendant.

      2.4    Defendant SpecGx, LLC is a Delaware limited liability company with its headquarters in Clayton, Missouri and is a wholly owned subsidiary of Defendant Mallinckrodt plc. SpecGx, LLC is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. SpecGx, LLC distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. SpecGx, LLC is sued as a Marketing Defendant.

2.5     Defendant Par Pharmaceutical, Inc. is a Delaware corporation with its principal place of business located in Chestnut Ridge, New York. Par Pharmaceutical, Inc. is a whollyowned subsidiary of Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc. Defendant Par Pharmaceutical Companies, Inc. is a Delaware corporation with its principal place of business located in Chestnut Ridge, New York. (Par Pharmaceutical, Inc., and Par Pharmaceutical Companies, Inc., collectively "Par Pharmaceutical") was acquired by Endo International plc in September 2015 and is an operating company of Endo International plc. Par Pharmaceutical is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Par Pharmaceutical distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Par Pharmaceutical is sued as a Marketing Defendant.

2.6     Mylan Pharmaceuticals Inc. is a West Virginia corporation with its principal place of business in Harrisburg, Pennsylvania, and is a wholly owned subsidiary of Mylan N.V. Mylan Pharmaceuticals Inc. is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Mylan Pharmaceuticals distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Mylan Pharmaceuticals is sued as a Marketing Defendant.

### COMMON FACTUAL ALLEGATIONS

3.      By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the *Summit County* Pleadings as identified in the Court's Order implementing the Short Form procedure. Dkt. # 1282.

- ☒ Common Factual Allegations (Paragraphs 130 through 670 and 746 through 813)
- ☒ RICO Marketing Enterprise Common Factual Allegations (Paragraphs 814-848)
- ☒ RICO Supply Chain Enterprise Common Factual Allegations (Paragraphs 849-877)

4.      If additional claims are alleged below that were not pled in Plaintiff's Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here. Plaintiff(s) assert(s) the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached):

_____n/a_____
_____

## CLAIMS

5. The following federal **RICO causes of action** asserted in the *Summit County* Pleadings as identified in the Court's implementing order and any subsequent amendments, Dkt. 513 and 514, are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff(s)'s Existing Complaint (check all that apply):

☒ First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Summit County* Pleadings, Paragraphs 878-905)

☒ Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Summit County* Pleadings, Paragraphs 906-938)

6. Plaintiff asserts the following **additional claims** as indicated (below or attached):

n/a

7. To the extent Plaintiff(s) wish(es) to **dismiss claims** previously asserted in Plaintiff(s)'s Existing Complaint, they are identified below and will be dismissed without prejudice.

n/a

WHEREFORE, Plaintiff(s) prays for relief as set forth in the *Summit County* Pleadings in *In Re National Prescription Opiate Litigation* in the United States District Court for the Northern District of Ohio, MDL No. 2804 and in Plaintiff's Existing Complaint as has been amended herein.

Dated: 3/16/19                     s/Peter H. Weinberger
                                   Peter H. Weinberger
                                   Spangenberg Shibley & Liber LLP
                                   1001 Lakeside Ave. East, Suite 1700
                                   Cleveland, OH  44114
                                   (216) 696-3232
                                   Fax: (216) 696-3924
                                   pweinberger@spanglaw.com
                                   *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day March of 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

                                   s/Peter H. Weinberger
                                   Peter H. Weinberger
                                   *Attorney for Plaintiff*